| | |
|---|---|
| CHRISTOPHER LIPSEY, JR.,<br><br>Plaintiff,<br><br>v.<br><br>DR. DEPOVIC, *et al.*,<br><br>Defendants. | Case No. 1:18-cv-00767-JDP<br><br>SCREENING ORDER<br><br>FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF BE PERMITTED TO PROCEED ON COGNIZABLE CLAIM AND THAT NON-COGNIZABLE CLAIMS BE DISMISSED WITH LEAVE TO AMEND<br><br>OBJECTIONS DUE IN 14 DAYS<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN CASE TO DISTRICT JUDGE<br><br>ECF No. 1 |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

Plaintiff is a state prisoner proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983. Plaintiff's complaint, filed June 5, 2018, ECF No. 1, is before the court for screening under 28 U.S.C. § 1915A. Plaintiff complains of medical deliberate indifference and violations of state law occurring during an eight-day period during which he was denied a critical medication. We have screened plaintiff's complaint and finds that it states a claim of medical deliberate indifference against defendants Depovic and Grewall. We recommend that plaintiff's remaining claims be dismissed without prejudice and that he be granted leave to amend

1

his complaint.

I.     **STATEMENT OF FACTS**[1]

Plaintiff was an inmate at California State Prison, Corcoran ("CSPC") during the relevant timeframe. ECF No. 1 at 3. Defendants are employees at CSPC. *Id.* Defendant "Depovic was plaintiff's [treating] psychiatrist at [CPSC] and [defendant] Grewall was her stand-in." *Id.*

Plaintiff takes Effexor and tryleptal daily for his "diagnosed bi-polar affective [disorder]," and has been doing so for years. *Id.* In August 2017, a nurse and a psych tech separately "informed plaintiff that his Effexor needed to be renewed and he should file a sick call slip asking for a refill." *Id.* at 3-4. Plaintiff informed the nurse that he had never had to ask for a refill in his years of taking Effexor, but he filled out the slip for a refill "approximately 3 days before it was due to expire." *Id.* at 4. Plaintiff addressed this first refill request to "Dr. Depovic and/or Dr. Grewall." *Id.* Plaintiff stated (presumably on the sick call slip) that "he tried to quit Effexor cold turkey and had bad withdrawals and that he is due to run out any day." *Id.* Neither defendant Depovic nor defendant Grewall answered the sick call slip. *Id.* "Plaintiff wrote sick call slips begging and pleading each day leading up until the day his meds expired . . . to no avail." *Id.*

Plaintiff ran out of Effexor. On his second day without his medicine, he become ill, with symptoms including sweats, chills, stomach aches, nausea, headaches, and cramps, "which lasted approximately 5 days." *Id.* Plaintiff "started having suicidal thoughts and cut on hi[m]self repeatedly, all the while plaintiff put in [sick call slips] for refills." *Id.* While plaintiff was off his medicine, he violated the rules by holding open his food tray slot. *Id.* at 5. Because of this behavior, "plaintiff had to get a serious rules violation report write up which took away good time credits from his sentence." *Id.* Plaintiff committed this rules violation "just to have officers contact a psychiatrist to give plaintiff his meds." *Id.*

Defendants Bell, McCabe, and Lewis "created a policy" that inmates "must first experience the adverse effect such as deprivation of psych meds before any action is taken. Their policy also finds no wrongdoing when doctors . . . do not renew their patients' meds knowing the

---

[1] We draw the following facts from plaintiff's complaint, ECF No. 1, and accept them as true for screening purposes.

2

side effects will be painful withdraws for at least a week followed by severe depression." *Id.* at 4.

## II. SCREENING AND PLEADING REQUIREMENTS

A district court must screen a prisoner's complaint that seeks relief against a governmental entity, its officer, or its employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016) (quoting *Skinner v. Switzer*, 562 U.S. 521, 530 (2011)). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). However, the court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017) (quoting *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014)).

## III. DISCUSSION

Section 1983 allows a private citizen to sue for the deprivation of a right secured by federal law. *See* 42 U.S.C. § 1983; *Manuel v. City of Joliet, Ill.*, 137 S. Ct. 911, 916 (2017). To state a claim under § 1983, a plaintiff must show that a defendant acting under color of state law caused an alleged deprivation of a right secured by federal law. *See* 42 U.S.C. § 1983; *Soo Park*

*v. Thompson*, 851 F.3d 910, 921 (9th Cir. 2017). The plaintiff can satisfy the causation requirement by showing either (1) the defendant's "personal involvement" in the alleged deprivation or (2) a "sufficient causal connection" between the defendant's conduct as a supervisor and the alleged deprivation. *See King v. Cty. of Los Angeles*, 885 F.3d 548, 559 (9th Cir. 2018). As for the second method, the plaintiff can establish a causal connection by showing that the defendant "set[] in motion a series of acts by others, or by knowingly refus[ing] to terminate a series of acts by others," which the defendant "knew or reasonably should have known would cause others to inflict a constitutional injury." *Id.*

All of the named defendants are state-prison employees who, accepting plaintiff's allegations as true, can be inferred to have acted under color of state law. *See Paeste v. Gov't of Guam*, 798 F.3d 1228, 1238 (9th Cir. 2015) ("[G]enerally, a public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law." (quoting *West v. Atkins*, 487 U.S. 42, 50 (1988))). We next consider whether plaintiff alleged sufficient facts to satisfy the causation requirement.

Plaintiff plausibly alleges that defendants Depovic and Grewall personally participated in or caused the alleged deprivations. However, plaintiff does not plausibly allege that defendants Bell, McCabe, and Lewis personally participated in or caused the alleged deprivations; instead, plaintiff seems to rely on a theory of vicarious liability. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009) ("[V]icarious liability is inapplicable to Bivens and § 1983 suits[;] a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). Beyond naming these defendants in the complaint, plaintiff alleges that defendants Bell, McCabe, and Lewis created a policy. This allegation does not satisfy the causation requirement of § 1983 because the alleged action of these defendants was not "the moving force of the behind the constitutional violation." *Navarro v. Herndon*, 2016 WL 8731088, at *13 (E.D. Cal. Mar. 25, 2016) ("Ratification of an unconstitutional act by superiors after the fact will only support liability when the superiors' past actions were the moving force behind the constitutional violation in the first place." (citing *Williams v. Ellington*, 936 F.2d 881, 884-85 (9th Cir. 1991)). Accordingly, plaintiff fails to allege causation for these defendants as

4

required to bring a claim under § 1983.

The remaining question is whether defendants Depovic and Grewall's alleged actions violated federal law. Plaintiff seeks to bring claims for Eighth Amendment medical deliberate indifference and violation of the California Bane Act. We analyze each in turn.

**A. Medical Deliberate Indifference**

Plaintiff alleges that defendants Depovic and Grewall acted with deliberate indifference to his serious medical needs when they failed to renew his medicine prescription for eight days, causing plaintiff to experience withdrawal symptoms and commit a rules violation.

The government has an "obligation to provide medical care for those whom it is punishing by incarceration," and "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 103-04 (1976) (internal citation omitted) (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)). This indifference can be "manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Id.* at 104-05 (footnotes omitted).

There is a two-part test for deliberate indifference: "First, the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. Second, the plaintiff must show the defendant's response to the need was deliberately indifferent." *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012) (internal quotation marks and citation omitted). "This second prong—defendant's response to the need was deliberately indifferent—is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal citations omitted).

The complaint alleges facts to support the conclusion that plaintiff had a serious medical need—given his bipolar affective disorder. *See McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992) ("The existence of an injury that a reasonable doctor or patient would find important

5

and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment."), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (en banc). Therefore, plaintiff has adequately pled a serious medical need.

Plaintiff alleges that defendants Depovic and Grewall were responsible for his bipolar affective disorder treatment, including refilling his medicine; were informed through multiple medical slips that plaintiff's medicine ran out; and failed to provide him with medicine, causing withdrawal symptoms and eventually driving plaintiff to commit a serious rules violation report to get their attention. These allegations are sufficient to state a claim for medical deliberate indifference. *See* Fed. R. Civ. P. 8(a).

**B. Bane Act**

California's Tom Bane Civil Rights Act ("Bane Act") creates a private right of action for anyone whose exercise of constitutional rights is interfered with, or attempted to be interfered with, "by threat, intimidation, or coercion." Cal. Civ. Code § 52.1(b)-(c). Thus, a Bane Act claim requires plaintiff to show "an attempted or completed act of interference with a legal right, accompanied by a form of coercion." *Jones v. Kmart Corp.*, 17 Cal. 4th 329, 334 (1998).

Plaintiff has not stated a cognizable claim for violation of the Bane Act. Plaintiff alleges that defendants Depovic and Grewall acted with medical deliberate indifference when they failed to provide him with his medicine, but plaintiff has not alleged any facts that indicate "threat, intimidation, or coercion" on the part of any defendant. *See* Cal. Civ. Code § 52.1(b)-(c).

**IV. CONCLUSION**

The court has screened plaintiff's complaint and finds that plaintiff has stated a medical deliberate indifference claim against defendants Depovic and Grewall. We recommend that plaintiff's remaining claims be dismissed without prejudice and that plaintiff be granted leave to amend the complaint.

Should plaintiff choose to amend the complaint, the amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of

plaintiff's constitutional or other federal rights. *See Iqbal*, 556 U.S. at 678; *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff must set forth "sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). There is no *respondeat superior* liability, and each defendant is only liable for his or her own misconduct. *See id.* at 677. Plaintiff must allege that each defendant personally participated in the deprivation of his rights. *Jones*, 297 F.3d at 934 (emphasis added). Plaintiff should note that a short, concise statement of the allegations in chronological order will assist the court in identifying his claims. Plaintiff should name each defendant and explain what happened, describing personal acts by the individual defendant that resulted in the violation of plaintiff's rights. Plaintiff should also describe any harm he suffered from the violation of his rights. Plaintiff should not fundamentally alter his complaint or add unrelated issues. *See* Fed. R. Civ. P. 18; *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits . . . .").

Any amended complaint will supersede the original complaint, *Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be complete on its face without reference to the prior, superseded pleading, *see* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

**IV.   ORDER**

The clerk of court is directed to assign this case to a district judge, who will preside over this case. The undersigned will remain as the magistrate judge assigned to the case.

**V.   RECOMMENDATIONS**

Under 28 U.S.C. § 636(c)(1), all parties named in a civil action must consent to a magistrate judge's jurisdiction before that jurisdiction vests for "dispositive decisions." *Williams v. King*, 875 F.3d 500, 504 (9th Cir. 2017). No defendant has appeared or consented to a

magistrate judge's jurisdiction, so any dismissal of a claim requires an order from a district judge. *Id.* Thus, the undersigned submits the following findings and recommendations to a United States District Judge under 28 U.S.C. § 636(b)(l):

1. Plaintiff states a medical deliberate indifference claim against defendants Depovic and Grewall.
2. Plaintiff's remaining claims and all other defendants should be dismissed without prejudice, and plaintiff should be granted leave to amend the complaint.
3. If plaintiff files an amended complaint, defendants Bell, Lewis, and McCabe need not respond until the court screens the amended complaint.

Within fourteen days of service of these findings and recommendations, the parties may file written objections with the court. If the parties file such objections, they should do so in a document captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *See Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: April 2, 2019

UNITED STATES MAGISTRATE JUDGE

No. 204