UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER LIPSEY, JR.,<br><br>  Plaintiff,<br><br>  v.<br><br>DR. DEPOVIC, *et al.*,<br><br>  Defendants. | Case No. 1:18-cv-00767-JDP<br><br>ORDER VACATING APRIL 2, 2019 FINDINGS AND RECOMMENDATIONS<br><br>ECF No. 11<br><br>ORDER DENYING MOTION<br><br>ECF No. 10<br><br>SCREENING ORDER<br><br>FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF BE PERMITTED TO PROCEED ON COGNIZABLE CLAIM AND THAT NON-COGNIZABLE CLAIMS BE DISMISSED<br><br>OBJECTIONS DUE IN 14 DAYS<br><br>ECF No. 12 |

Plaintiff is a state prisoner proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983. Plaintiff filed his original complaint on June 5, 2018. ECF No. 1. On April 2, 2019, we screened the complaint and issued findings and recommendations that plaintiff be permitted to proceed on his cognizable claims and that his non-cognizable claims be dismissed

with leave to amend.[1]  ECF No. 11.

On April 15, 2019, plaintiff filed his first amended complaint, ECF No. 12, which is now before the court for screening under 28 U.S.C. § 1915A.  We again find that plaintiff has stated claims of medical deliberate indifference against defendants Depovic and Grewall.  Plaintiff has stated no other claims.

We will vacate the April 2, 2019 findings and recommendations and recommend that plaintiff's cognizable claims proceed, and that his non-cognizable claims be dismissed.  Plaintiff's first amended complaint omits three of the defendants from his original complaint: Bell, Lewis, and McCabe.  Therefore, we recommend dismissal of these defendants.  Plaintiff names two new defendants in his first amended complaint: Gates and Harris.  However, he fails to state a claim against either of these new defendants, so we recommend that they be dismissed for the reasons stated below.  We recommend that plaintiff be allowed to proceed only on his claims for medical deliberate indifference against defendants Depovic and Grewall, and that all other claims and defendants be dismissed.

## I. STATEMENT OF FACTS[2]

Plaintiff was an inmate at California State Prison, Corcoran ("CSPC") during the relevant timeframe.  ECF No. 12 at 3.  Defendants are employees at CSPC.  *Id.* at 2.  Defendant "Depovic was plaintiff's treating psychiatrist at CPSC and defendant Grewall was her stand-in."  *Id.* at 3.

> Plaintiff takes Effexor and Tryleptal daily for his diagnosed bi-polar affective disorder and has been doing so for years.  In August 2017, a nurse and a psych tech separately informed plaintiff that his Effexor needed to be renewed and he should file a sick call slip asking for a refill.  Plaintiff informed the nurse that he [had] never had to ask for a refill in his years of taking Effexor, but he filled out the slip for a refill approximately 3 days before it was due to expire.  Plaintiff addressed this first refill request to Dr. Depovic and/or Dr. Grewall.  Plaintiff stated on the sick call slip that he tried to quit Effexor cold turkey and had bad withdrawals and that he is due to run out any day.  Neither defendant Depovic nor defendant Grewall answered the sick call slip.  Plaintiff wrote sick call slips begging and pleading each day leading up until the day his meds expired to no avail.

---

[1] On April 1, 2019, we received plaintiff's motion requesting that the court screen his complaint.  ECF No. 10.  We will deny this motion as moot.

[2] We draw the following facts from plaintiff's first amended complaint, ECF No. 12, and accept them as true for screening purposes.

2

> Plaintiff ran out of Effexor and Tryelptal. On his second day without his medicine, he become ill, with symptoms including sweats, chills, stomach aches, nausea, headaches, and cramps, which lasted approximately 5 days. Plaintiff started having . . . suicidal thoughts and cut on himself repeatedly, all the while plaintiff put in sick call slips for refills. While plaintiff was off his medicine, he violated the rules by holding open his food tray slot. Because of this behavior, plaintiff had to get a serious rules violation report [("RVR")] write up which took away good time credits from his sentence. Prior to this RVR he went nearly two years without a write up. Plaintiff committed this rule violation just to have officers contact a psychiatrist to give plaintiff his meds which were given to him and renewed immediately by another psychiatrist.
>
> When plaintiff confronted Dr. Depovic about her omissions she said well maybe you should get a different psychiatrist which plaintiff took as a threat that she would fail to renew his meds again in the near future, intimidate him into seeking adequate medical attention by requesting a new psychiatrist or coercing him into requesting a different psychiatrist . . . .

*Id.* at 3-4.

Defendant Gates is the "Chief Policy Corresponden[t]" and defendant Harris is the "Reviewing Authority" at CSPC. *Id.* at 2. These defendants knew that defendants Depovic and Grewall "were the only psychiatrists for the whole yard." *Id.* at 5. Defendants Gates and Harris apparently issued "responses" to plaintiff indicating that defendants Depovic and Grewall did not violate policy, and plaintiff alleges that Gates and Harris' actions violated policy. *See id.* "Due to defendants' S. Gates and S. Harris failure to intervene, plaintiff's Tryleptals were cut off again in early 2018 . . . ." *Id.* at 6. This medicine helped treat plaintiff's psychiatric symptoms as well as provide chronic pain management from a shoulder surgery. *See id.* Without this medicine, plaintiff has "experienced sleep deprivation because it hurts when he lays any pressure on that shoulder." *Id.* The pain is "so bad at times it effects his daily activities" as well. *Id.* Plaintiff further alleges that defendant Harris coerced defendant Gates "into believing no intervention is necessary." *Id.*

## II. SCREENING AND PLEADING REQUIREMENTS

A district court must screen a prisoner's complaint that seeks relief against a governmental entity, its officer, or its employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2).

3

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016) (quoting *Skinner v. Switzer*, 562 U.S. 521, 530 (2011)). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). However, the court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017) (quoting *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014)).

### III. DISCUSSION

Section 1983 allows a private citizen to sue for the deprivation of a right secured by federal law. *See* 42 U.S.C. § 1983; *Manuel v. City of Joliet, Ill.*, 137 S. Ct. 911, 916 (2017). To state a claim under § 1983, a plaintiff must show that a defendant acting under color of state law caused an alleged deprivation of a right secured by federal law. *See* 42 U.S.C. § 1983; *Soo Park v. Thompson*, 851 F.3d 910, 921 (9th Cir. 2017). The plaintiff can satisfy the causation requirement by showing either (1) the defendant's "personal involvement" in the alleged deprivation or (2) a "sufficient causal connection" between the defendant's conduct as a supervisor and the alleged deprivation. *See King v. Cty. of Los Angeles*, 885 F.3d 548, 559 (9th Cir. 2018). As for the second method, the plaintiff can establish a causal connection by showing that the defendant "set[] in motion a series of acts by others, or by knowingly refus[ing] to terminate a series of acts by others," which the defendant "knew or reasonably should have

known would cause others to inflict a constitutional injury." *Id.*

All of the named defendants are state-prison employees who, accepting plaintiff's allegations as true, can be inferred to have acted under color of state law. *See Paeste v. Gov't of Guam*, 798 F.3d 1228, 1238 (9th Cir. 2015) ("[G]enerally, a public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law." (quoting *West v. Atkins*, 487 U.S. 42, 50 (1988))). We next consider whether plaintiff alleged sufficient facts to satisfy the causation requirement.

Plaintiff plausibly alleges that defendants Depovic and Grewall personally participated in or caused the alleged deprivations. However, plaintiff does not plausibly allege that defendants Harris and Gates personally participated in or caused the alleged deprivations; instead, plaintiff seems to rely on a theory of vicarious liability. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009) ("[V]icarious liability is inapplicable to Bivens and § 1983 suits[;] a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). Beyond naming these defendants in the complaint, plaintiff alleges only that defendants Harris and Gates failed to interfere to stop Depovic and Grewall's abuses. These allegations do not satisfy the causation requirement of § 1983 because the alleged action of these defendants was not "the moving force behind the constitutional violation." *Navarro v. Herndon*, 2016 WL 8731088, at *13 (E.D. Cal. Mar. 25, 2016) (citing *Williams v. Ellington*, 936 F.2d 881, 884-85 (9th Cir. 1991)). Accordingly, plaintiff fails to allege causation for these defendants as required to bring a claim under § 1983.

The remaining question is whether defendants Depovic and Grewall's alleged actions violated federal law. Plaintiff seeks to bring claims for Eighth Amendment medical deliberate indifference and violation of the California Bane Act. We analyze each in turn.

**A. Medical Deliberate Indifference**

Plaintiff alleges that defendants Depovic and Grewall acted with deliberate indifference to his serious medical needs when they failed to renew his medicine prescription, causing plaintiff to experience withdrawal symptoms and commit a rules violation.

The government has an "obligation to provide medical care for those whom it is punishing

5

by incarceration," and "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 103-04 (1976) (internal citation omitted) (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)). This indifference can be "manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Id.* at 104-05 (footnotes omitted).

There is a two-part test for deliberate indifference: "First, the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. Second, the plaintiff must show the defendant's response to the need was deliberately indifferent." *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012) (internal quotation marks and citation omitted). "This second prong—defendant's response to the need was deliberately indifferent—is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal citations omitted).

The complaint alleges facts to support the conclusion that plaintiff had a serious medical need—given his bipolar affective disorder. *See McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992) ("The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment."), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (en banc). Therefore, plaintiff has adequately pled a serious medical need.

Plaintiff alleges that defendants Depovic and Grewall were responsible for his bipolar affective disorder treatment, including refilling his medicine; were informed through multiple medical slips that plaintiff's medicine ran out; and failed to provide him with medicine, causing withdrawal symptoms and eventually driving plaintiff to commit a serious rules violation to get a

psychiatrist's attention. These allegations are sufficient to state a claim for medical deliberate indifference. *See* Fed. R. Civ. P. 8(a).

### B. Bane Act

California's Tom Bane Civil Rights Act ("Bane Act") creates a private right of action for anyone whose exercise of constitutional rights is interfered with, or attempted to be interfered with, "by threat, intimidation, or coercion." Cal. Civ. Code § 52.1(b)-(c). Thus, a Bane Act claim requires plaintiff to show "an attempted or completed act of interference with a legal right, accompanied by a form of coercion." *Jones v. Kmart Corp.*, 17 Cal. 4th 329, 334 (1998).

Plaintiff has not stated a cognizable claim for violation of the Bane Act. Plaintiff alleges that defendants Depovic and Grewall acted with medical deliberate indifference when they failed to provide him with his medicine, but plaintiff has not alleged any facts that indicate "threat, intimidation, or coercion" on the part of either defendant. *See* Cal. Civ. Code § 52.1(b)-(c). Plaintiff's argument that defendant Depovic's comment that plaintiff should get another psychiatrist states a claim under the Bane Act is not sufficient because that remark, even if construed to be a threat, did not interfere with plaintiff's constitutional rights. *See* Cal. Civ. Code § 52.1(b)-(c). Rather, plaintiff's constitutional claim stems from defendants' failure to provide him with medicine necessary to treat his conditions, and the resulting harms.

### IV. CONCLUSION

The court has screened plaintiff's complaint and finds that plaintiff has stated a medical deliberate indifference claim against defendants Depovic and Grewall. We recommend that plaintiff's remaining claims be dismissed.

### IV. ORDER

The April 2, 2019, findings and recommendations in this case, ECF No. 11, are hereby vacated. Plaintiff's motion to have his case screened, ECF No. 10, is denied as moot.

### V. FINDINGS AND RECOMMENDATIONS

Under 28 U.S.C. § 636(c)(1), all parties named in a civil action must consent to a magistrate judge's jurisdiction before that jurisdiction vests for "dispositive decisions." *Williams v. King*, 875 F.3d 500, 504 (9th Cir. 2017). No defendant has appeared or consented to a

magistrate judge's jurisdiction, so any dismissal of a claim requires an order from a district judge. *Id.* Thus, the undersigned submits the following findings and recommendations to a United States District Judge under 28 U.S.C. § 636(b)(l):

1. Plaintiff states a medical deliberate indifference claim against defendants Depovic and Grewall.
2. Plaintiff's remaining claims and all other defendants should be dismissed without prejudice.

Within fourteen days of service of these findings and recommendations, the parties may file written objections with the court. If the parties file such objections, they should do so in a document captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *See Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: \_\_August 2, 2019\_\_  _____
UNITED STATES MAGISTRATE JUDGE

No. 204

8