UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER LIPSEY, JR, <br><br>　　　　　　Plaintiff, <br><br>　　v. <br><br>DR. DEPOVIC, *et al.*, <br><br>　　　　　　Defendants. | Case No. 1:18-cv-00767-NONE-HBK <br><br> FINDINGS AND RECOMMENDATIONS TO DENY DEFENDANTS' MOTION TO REVOKE PLAINTIFF'S *IN FORMA PAUPERIS* STATUS <br><br> OBJECTIONS DUE WITHIN FOURTEEN DAYS <br><br> (Doc. No. 31) |

　　　　Plaintiff Christopher Lipsey, Jr. ("plaintiff") is a state prisoner proceeding *pro se* in this civil rights action filed under 42 U.S.C. § 1983 on June 5, 2018. (Doc. No. 1). On June 28, 2018, the court permitted plaintiff to proceed *in forma pauperis*. (Doc. No. 9). On April 13, 2020, defendants moved to revoke plaintiff's *in forma pauperis* status claiming plaintiff's prior litigation history prohibited him from proceeding in this case under 28 U.S.C. § 1915(g). (Doc. No. 31). Plaintiff filed opposition to defendants' motion (Doc. No. 33), followed by defendants' reply (Doc. No. 34). Plaintiff, without seeking leave, filed a surreply.[1] (Doc. No. 35).

　　　　Under the Prison Litigation Reform Act, prisoners who have "on 3 or more occasions …

---

[1] Although a surreply is generally disfavored, *see Garcia v. Biter*, 195 F.Supp.3d at 1131 (E.D. Cal. July 18, 2016), the court construes *pro se* pleadings liberally. Accordingly, the court considers petitioner's surreply, to the extent relevant in making these findings and recommendations.

1

brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted" cannot proceed *in forma pauperis* "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). This "three-strikes rule" was enacted to "help staunch a flood of nonmeritorious prisoner litigation." *Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1723 (2020) (internal quotations omitted). "Not all unsuccessful cases qualify as a strike under § 1915(g). *Andrew*s v. King, 398 F.3d 1113, 1121 (9th Cir. 2005)

Defendants identify eight cases that they contend qualify as "strikes" against plaintiff. (Doc. No. 31 pp. 3-7). The court reviews each of defendants' cited cases *in seriatim* but finds only two of the cases identified by defendants qualify as strikes under governing precedent.

***1.    Lipsey v. Lewis, No. 0:213-pr-56651 (9th Cir. Dec. 19, 2013)***

On December 19, 2013, the Ninth Circuit dismissed plaintiff's appeal in *Lipsey v. Lewis* "for lack of jurisdiction." *Lipsey v. Lewis*, No. 0:213-pr-56651, Doc. No. 6 (9th Cir. Dec. 19, 2013). A dismissal for lack of jurisdiction "does not constitute a PLRA strike." *Fourstar v. Kane,* No. 16-35716, 2018 WL 4201304, at *1 (9th Cir. Apr. 25, 2018) (citing *Moore v. Maricopa County Sheriff's Office*, 657 F.3d 890, 893-94 (9th Cir. 2011)). Thus, plaintiff's unsuccessful appeal in *Lipsey v. Lewis* does not count as a "strike" under § 1915(g).

***2.    Lipsey v. Lewis, No. 0:213-pr-55108 (9th Cir. Feb. 10, 2014)***

On February 10, 2014, the Ninth Circuit denied plaintiff's motion for reconsideration of its earlier order denying his appeal as untimely. *Lipsey v. Lewis*, No. 0:213-pr-55108, Doc. No. 6 (9th Cir. Feb. 10, 2014). The Ninth Circuit's February 10, 2014 order does not deem the motion nor its earlier denial of the appeal as frivolous, malicious, or that it failed to state a claim upon which relief may be granted. Nor is a motion for reconsideration an "action or appeal." 28 U.S.C. § 1915(g). Defendants do not point this court to any authority that either the dismissal of an appeal as untimely or a subsequent summary denial of a motion for reconsideration qualifies as a strike under governing caselaw. The court declines to deem plaintiff's February 10, 2014 unsuccessful appeal in *Lipsey v. Lewis* as a qualifying strike.

////

**3.**     *Lipsey v. Sec'y of CDCR*, **No. CV 17-5094 AG (JC), 2018 WL 2284170 (C.D. Cal. May 16, 2018)**

Judgment was entered *sua sponte* against plaintiff on May 16, 2018 in *Lipsey v. Sec'y of CDCR,* No. CV 17-5094 AG (JC), 2018 WL 2284170, at *2 (C.D. Cal. May 16, 2018). Among the reasons cited by the court was plaintiff's "failure to state a claim upon which relief can be granted." *Id.* at *1. Because 28 U.S.C. § 1915(g) lists failure to state a claim as a strike, and because judgment was entered prior to plaintiff's present action, the dismissal in *Lipsey v. Sec'y of CDCR* counts as plaintiff's first strike.

**4.**     *Lipsey v. Satf Ad-Seg Prop. Officers*, **No. CV 1:15-00691 LJO (SKO) (E.D. Cal. June 6, 2018)**

On June 6, 2018, judgment was entered against plaintiff in *Lipsey v. Satf Ad-Seg Prop. Officers,* No. CV. 1:15-00691 LJO (SKO), Doc. No. 57 (E.D. Cal. June 5, 2018). Defendants contend June 6, 2018 is the "the date Plaintiffs complaint in this matter was entered." (Doc. No. 31 p. 6). However, plaintiff's present complaint was docketed on June 5, 2018, not June 6. (Doc. No. 1). Further, the mailbox rule applies to a prisoner's complaint and it is deemed filed on the date it is signed and delivered to correctional officials for mailing, here May 28, 2018. Dismissals do not count as strikes where the "actions were dismissed after appellant filed the instant litigation in the district court." *Tagle v. Anderson*, No. 17-15110, 2017 WL 11440990, at *1 (9th Cir. May 18, 2017). Any strike resulting from the judgment against plaintiff in *Lipsey v. Satf Ad-Seg Prop. Officers* therefore cannot be applied to the instant case because it occurred after plaintiff commenced this action.

**5.**     *Lipsey v. McCumsy, et al.*, **No. CV 3:15-3479 VC (C.D. Cal. March 28, 2017)**

On March 28, 2017, the court in *Lipsey v. McCumsy, et al.* granted defendants' summary judgment, finding in part that plaintiff had "failed to raise a genuine issue of material fact about whether he suffered an actual injury due to the defendants' actions." *Lipsey v. McCumsy, et al.*, No. CV 3:15-3479 VC, Doc. No. 58 (C.D. Cal. March 28, 2017). A "district court's grant of summary judgment against a prisoner does not constitute a strike for purposes of the PLRA." *Saunders v. Saunders*, No. CV 05-00699 TUC (RCC), 2013 WL 4040766, at *6 (E.D. Cal. Aug.

7, 2013). Plaintiff's dismissal following summary judgment in *Lipsey v. McCumsy, et al.* therefore cannot count as a strike against him in the present matter.

6. ***Lipsey v. McCumsy, et al.*, No. 16-16234 (9th Cir. Aug. 23, 2016 )**

While *Lipsey v. McCumsy, et al.*, No. CV 3:15-3479 VC (C.D. Cal.) was pending, Plaintiff filed an interlocutory appeal on July 13, 2016 to the Ninth Circuit because the district court "refus[ed] to rule on plaintiff's request … to provide him … with a complete record." *Lipsey v. McCumsy, et al.*, No. CV 3:15-3479 VC, Doc. No. 35 (C.D. Cal. July 13, 2016). On August 23, 2016, the Ninth Circuit rejected plaintiff's appeal because the "court lack[ed] jurisdiction over" it. *Lipsey v. McCumsy, et al.*, No. 16-16234, Doc. No. 2 (9th Cir. Aug. 23, 2016). As discussed *supra*, dismissal for jurisdictional reasons does not constitute a strike. *Moore v. Maricopa County Sheriff's Office*, 657 F.3d 890, 893 (9th Cir.2011).

7. ***Lipsey v. Warden*, No. CV 2:15-2899 GHK (JC) (C.D. Cal. May 21, 2015)**

The Court rejected plaintiff's habeas petition in *Lipsey v. Warden* on May 21, 2015, for lack of jurisdiction. *Lipsey v. Warden*, No. CV 2:15-2899 GHK (JC), Doc. No. 5 (C.D. Cal. May 21, 2015). In addition to not counting as a strike because it was dismissed for jurisdictional reasons, *Lipsey v. Warden* does not count as a strike because "dismissed habeas petitions do not constitute strikes under 28 U.S.C. § 1915(g)." *Andrews v. King*, 398 F.3d 1113, 1117 (9th Cir. 2005).

8. ***Lipsey v. Norum*, No. 16-16234 (9th Cir. Feb. 26, 2015)**

The Ninth Circuit dismissed plaintiff's appeal in *Lipsey v. Norum* on February 26, 2015 because plaintiff's "opening brief indicates that the questions raised in this appeal are so insubstantial as not to require further argument." *Lipsey v. Norum*, No. 16-16234, Doc. No. 7 (9th Cir. Feb. 26, 2015). The Ninth Circuit has likened "summarily affirming a final judgment on appeal" to dismissing a frivolous complaint. *In re Thomas*, 508 F.3d 1225, 1227 (9th Cir. 2007). 28 U.S.C. § 1915(g) counts "frivolous" dismissals as strikes. Because the Ninth Circuit's denial of plaintiff's appeal was akin to dismissing a frivolous complaint, which is grounds for a strike, the court will credit *Lipsey v. Norum* as the second strike against plaintiff.

Defendants bear the burden of producing "documentary evidence that allows the district

court to conclude that the plaintiff has filed at least three prior actions that were dismissed because they were frivolous, malicious or fail[ed] to state a claim." *Andrew*s v. King, 398 F.3d 1113, 1120 (9th Cir. 2005) (internal quotations omitted). Here, defendants have only identified two qualifying strikes against plaintiff prior to the date plaintiff initiated the instant action. Because defendants have not identified three or more qualifying cases as required by § 1915(g), the court finds no basis to revoke plaintiff's *in forma pauperis* status.

Accordingly, it is RECOMMENDED:

Defendants' motion to revoke plaintiff's *in forma pauperis* status (Doc. No. 31) be denied.

## NOTICE TO PARTIES

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, a party may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: May 26, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE