| | |
|---|---|
| CHRISTOPHER LIPSEY, JR., <br><br>Plaintiff, <br><br>v. <br><br>DR. DEPOVIC, et al., <br><br>Defendants. | Case No. 1:18-cv-00767-NONE-HBK <br><br>ORDER DENYING PLAINTIFF'S MOTION FOR DISCOVERY ORDER WITHOUT PREJUDICE <br><br>(Doc. No. 39) <br><br>ORDER REFERRING CASE TO POSTSCREENING ADR AND STAY OF CASE FOR 90 DAYS |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

Pending before the Court is Plaintiff's motion requesting the Court to set a discovery and scheduling order in this case. (Doc. No. 39). Plaintiff Christopher Lipsey, Jr. is a state prisoner proceeding *pro se* in this action. As set forth in the screening order, the Court has found the first amended complaint stated a medical deliberate indifference claims against Defendants Depovic and Grewall. (Doc. Nos. 12, 18).[1] Defendants filed an answer to the first amended complaint on April 13, 2020. (Doc. No. 28).[2]

---

[1] However, stating a cognizable claim "in no way suggests" that Plaintiff "is likely or unlikely to prevail on the merits of his complaint." *Monger v. Sisto*, 2009 WL 1507127, at *1 (E.D. Cal. May 27, 2009).

[2] Concurrent to their answer, Defendants moved to revoke Plaintiff's *in forma pauperis* status. (Doc. No. 31). On May 27, 2021, the Court issued Findings and Recommendations ("F&R") that Defendant's motion be denied. (Doc. No. 40). Although the District Court has not yet adopted the F&R, Defendants did not file objections to the F&R and the time to do so has passed. (*See* docket).

1

Plaintiff requests that a discovery schedule or any other measures that will "move the case forward." (Doc. No. 39). The Court refers all civil rights cases filed by *pro se* inmates to Alternative Dispute Resolution (ADR) to attempt to resolve such cases more expeditiously and less expensively. In appropriate cases, defense counsel from the California Attorney General's Office have agreed to participate in ADR. No claims, defenses, or objections are waived by the parties' participation.

The Court, therefore, STAYS this action for 90 days to allow the parties to investigate Plaintiff's claims, meet and confer, and participate in an early settlement conference. The Court presumes that all post-screening civil rights cases assigned to the undersigned will proceed to a settlement conference. However, if, after investigating Plaintiff's claims and meeting and conferring, either party finds that a settlement conference would be a waste of resources, the party may opt out of the early settlement conference.

Accordingly, it is **ORDERED**:

1. Plaintiff's motion for a discovery schedule (Doc. No. 39) is DENIED without prejudice.

2. This action is **STAYED for 90** days to allow the parties an opportunity to settle their dispute before the discovery process begins. No pleadings or motions may be filed in this case during the stay. The parties shall not engage in formal discovery, but they may engage in informal discovery to prepare for the settlement conference.

3. **Within 30 days** from the date of this Order, the parties shall file a notice if they object to proceeding to an early settlement conference or if they believe that settlement is not currently achievable. If either party objects to a settlement conference the Court will issue a discovery and scheduling order.

4. After expiration of the objection period, by separate Order, the Court will assign this matter to a United States Magistrate Judge, other than the undersigned, for conducting the settlement conference.

5. If the parties reach a settlement prior to the settlement conference, they SHALL file a Notice of Settlement as required by Local Rule 160

1. 6. The Clerk of Court shall serve Deputy Attorney General Jason R. Cale and Supervising Deputy Attorney General Lawrence Bragg with a copy of Plaintiff's amended complaint (Doc No. 1); the Court's screening Order and (Doc No. 19) and this Order.

7. The parties are obligated to keep the Court informed of their current addresses during the stay and the pendency of this action. Changes of address must be reported promptly in a Notice of Change of Address. *See* Local Rule 182(f).

IT IS SO ORDERED.

Dated: June 25, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE