UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER LIPSEY, JR., | Case No. 1:18-cv-00767-NONE-HBK |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION TO COMPEL DISCOVERY |
| v. | |
| DR. DEPOVIC, DR. GREWAL, | (Doc. No. 61) |
| Defendants. | |

Before the Court is Plaintiff Christopher Lipsey Jr.'s ("Plaintiff" or "Lipsey") motion to compel discovery from Defendant Grewal filed on December 13, 2021. (Doc. No. 61). Defendant Grewal filed an opposition on December 17, 2021. (Doc. No. 62). The motion is deemed submitted.

**BACKGROUND**

At issue is an Eighth Amendment claim for failure to provide Plaintiff, a state prisoner, with prescribed medication over a week in August 2017. (Doc. Nos. 12 at 3; 13 at 5-7; 18 at 1). Plaintiff, who is proceeding *pro se*, requested the following documents from Defendant, Dr. Grewal: "a redacted copy of all grievances filled against you by prisoners (redacting their names only) the entire time you've been employed by CDCR." (Doc. No. 62 at 2). On November 19, 2021, Defendant Dr. Grewal objected to the request on the grounds that: (1) the request "seeks privileged, confidential medical records of third parties"; (2) the request "is unduly burdensome,

given the grievances are not maintained by who they are against, but are instead maintained in the filer's medical records"; (3) the request is not proportionate to the needs of the case, given the information is irrelevant and inadmissible; and (4) the responding party lacks access to the records, as she is retired and no longer works for CDCR.  (*Id.*).

## APPLICABLE LAW AND ANALYSIS

Parties may obtain discovery regarding non-privileged matters relevant to any party's claim or defense.  Fed. R. Civ. P. 26(b)(1).  Information need not be admissible to be discoverable, but discovery requests must be proportional to the needs of the case.  *Id.*  A party may request documents in another party's "possession, custody, or control."  Fed. R. Civ. P. 34(a)(1).  A responding party is obligated to produce requested materials in its actual possession, custody, or control, or that the party has a legal right to obtain on demand.  *Bryant v. Armstrong*, 285 F.R.D. 596, 607 (S.D. Cal. 2021).  The requesting party has the burden of demonstrating that the requested materials are in the responding party's possession, custody, or control.  *United States v. Int'l Union of Petroleum & Indus. Workers*, 870 F.2d 1450, 1452 (9th Cir. 1989).

Plaintiff's request is overbroad.  This is a medical deliberate indifference case, involving consideration of whether Defendant disregarded a risk of serious harm to Plaintiff by failing to promptly refill his anti-depressant medication.  The request seeks <u>all</u> grievances made against Dr. Grewal, at any time during the entirety of her employment with CDCR, relating to <u>any</u> issue. Plaintiff has not explained how such records are relevant to this action, stating only that "it is axiomatic" they are relevant.  This is not so.  *See Salinas v. Wang*, 2021 WL 1060160, *1 (E.D. Cal. Mar. 18, 2021) (discovery of inmate complaints against defendant not relevant or discoverable in medical deliberate indifference action); *Reed v. Barcklay*, 2013 WL 12177161, *4 (D. Ariz. Apr. 13, 2013) (request for all disciplinary violations filed against defendant was overbroad and not relevant to plaintiff's deliberate indifference and retaliation claims).

This case, involving a single incident of alleged medical deliberate indifference, is unlike cases in which the plaintiff alleges a pattern of misconduct or alleges bias and prior grievances are relevant to those allegations.  *Cf. Villery v. Jones,* 2020 WL 6318205, *3 (E.D. Cal. Oct. 28, 2020) (when plaintiff alleged defendants engaged in a pattern of retaliation, complaints alleging

similar conduct were relevant); *Ramirez v. County of Los Angeles*, 231 F.R.D. 407, 412 (C.D. Cal. 2005) (when plaintiff alleged extensive and systemic failures including *Brady* violations, false search warrant applications, intimating witnesses, and tainting the reliability of witnesses, broad request for complaints was relevant); *Taylor v. Los Angeles Police Dept.*, 1999 WL 33101661, *1, 4 (C.D. Cal. Nov. 10, 1999) (in action against police department alleging wrongful death, failure to train and supervise, and constitutional violations caused by department policy, pattern or practice, requests for complaints against defendant officers were relevant). Still, at least in the context of traditional grievances against correctional officer defendants, some courts have concluded that grievances alleging similar misconduct by the defendant may be relevant to show intent or lack of mistake. *See Williams v. Navarro*, 2021 WL 5180123, *1-5 (S.D. Cal. Nov. 8, 2021) (citing cases).

However, even if a narrowed request could lead to the discovery of potentially relevant evidence against Dr. Grewal, the request is also unduly burdensome and not proportionate to the needs of the case. Production of health care grievances implicates serious privacy concerns and would certainly require a protective order and significant redactions. *See, e.g., Salinas*, 2021 WL 1060160, *1. Plaintiff also has other, less burdensome discovery means, such as interrogatories and requests for admission, that may allow him to determine whether similar grievances of failure to timely provide medication were made against Dr. Grewal while she was employed at CDCR. Moreover, Defendant represents that health care grievances are not filed by provider, but rather by patient, and that as a result Defendant "would have to search all of Defendant's patient's records to determine whether a grievance was made by each individual." (Doc. No. 62 at 5:1-2). While further detail, such as the number of years Defendant was employed at CDCR and/or how many patients she served, would have bolstered this argument, privacy concerns and the limited relevance of the requested records to this medical deliberate indifference claim support a finding that the request is unduly burdensome and not proportionate to the needs of this case.

Lastly, but critically, the record indicates that Defendant Grewal, now retired, lacks possession, custody, or control of any responsive documents. While in certain circumstances current employees may be compelled to produce their employer's records, *Allen v. Woodford*,

3

2007 WL 309945, *6 (E.D. Cal. Jan. 20, 2007), former employees do not generally have possession, custody or control of their former employer's records. *Wilkins v. Barber*, 2021 WL 4033126, *5 (E.D. Cal. Sep. 3, 2021) (denying motion to compel retired CDCR employee to produce records relating to plaintiff's grievances); *Bryant v. Armstrong*, 285 F.R.D. 596, 607 (S.D. Cal. 2012) (denying motion to compel former CDCR to produce CDCR policies); *see also Lowe v. D.C.*, 250 F.R.D. 36, 38 (D.D.C. 2008) ("[f]ormer employees of government agencies do not have 'possession, custody, or control' of documents held by their former employers"). Plaintiff has not submitted any evidence suggesting that Defendant Grewal, a retired doctor, has possession, custody, or control of any responsive documents.

On this final point, the analysis may be different if the facts established Defendant Grewal retired after the requests were served but before responses were provided. *Villery v. Crounse*, 2021 WL 5040379, *3, 9 (C.D. Cal. Oct. 29, 2021); *Wilkins*, 2021 WL 4033126 at *5. Additionally, if Plaintiff had no other way of obtaining the documents, the Court might have to consider whether Defendant, represented by the California Attorney General, could theoretically obtain relevant documents from CDCR upon request. *See Wilkins*, 2021 WL 4033126 at *5 (*citing Pupo-Leyvas v. Bezy*, 2009 WL 1810337, *1-2 (S.D. In. Jun. 24, 2009). However, Plaintiff has the ability to obtain relevant documents in the possession, custody, or control of CDCR by serving a subpoena, if appropriate. Fed. R. Civ. P. 45.

Accordingly, **IT IS ORDERED:**

Plaintiff's motion to compel discovery (Doc. No. 61) is DENIED.

Dated:   January 3, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE