UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER LIPSEY, JR., <br><br> Plaintiff, <br><br> v. <br><br> DR. DEPOVIC AND DR. GREWALL, <br><br> Defendants. | Case No. 1:18-cv-00767-JLT-HBK <br><br> ORDER DENYING PLAINTIFF'S MOTIONS FOR JOINT DEPOSITION, STAY OF DEPOSITION, SUBPOENA, IN CAMERA REVIEW, EMERGENCY PROTECTIVE ORDER, AND ADDITIONAL DISCOVERY <br><br> (Doc. Nos. 65, 69, 70, 72, and 74) |

Christopher Lipsey, Jr. ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed under 42 U.S.C. § 1983. Pending before the Court are Plaintiff's motion for a joint deposition and an emergency stay of the deposition; motion for a subpoena and in camera review; motion for an in camera review; motion for an emergency protective order; and a motion for additional discovery. (*See* Doc. Nos. 65, 69, 70, 72, and 74). Defendants filed responses in opposition to the motions. (*See* Doc. Nos. 66 and 75).

On February 4, 2022, the undersigned held a telephonic hearing on Plaintiff's motion for a joint deposition and an emergency stay of the deposition; motion for a subpoena and in camera review; motion for an in camera review; motion for an emergency protective order; and motion for additional discovery. Plaintiff was provided notice and an opportunity to attend but did not attend. "The litigation coordinator notified the court that Plaintiff would not appear for the conference because the Plaintiff, who is in custody, was refusing to leave his cell.". (Doc. No.

76).  Plaintiff previously refused to attend another telephonic discovery conferences.  (See Doc. No. 51).  For the reasons below, the Court denies Plaintiff's motions.

**APPLICABLE LAW AND ANALYSIS**

**A. Motion for a joint deposition and a stay of the deposition**

On January 11, 2022, Plaintiff filed a motion requesting a joint deposition and an emergency stay of Plaintiff's properly noticed scheduled deposition.[1]  (Doc. No. 65).  Defendants filed their response in opposition on January 18, 2022.  (Doc. No. 66).

Plaintiff's instant motion was based on the belief that his deposition was scheduled for January 18, 2022, and he needed more time to prepare his objections to potential questions and to determine if his rules violation report is privileged.  (*See* Doc. No. 65 at 1-2).  Defendants argue Plaintiff has no justification to seek a stay of the properly noticed deposition since he had adequate time to research his objections and whether or not his rules violation report is privileged.  (*See* Doc. No. 66 at 2).  Defendants also oppose Plaintiff's request for a joint deposition because Plaintiff did not provide any assurance that he will comply with Rule 30 of the Federal Rules of Civil Procedure and bear the costs for recording the Defendants' deposition testimony.  (*Id*. at 2).  Finally, Defendants advise that Plaintiff's deposition was scheduled for February 8, 2022, not January 18, 2022.  (*Id.* at 1).

*In forma pauperis* relief is governed and limited by 28 U.S.C § 1915.  Inmates have a constitutional right of access to the courts; however, an inmate's constitutional right of access to the courts does not impose "affirmative obligations on the States to finance and support prisoner litigation."  *Lewis v. Casey*, 518 U.S. 343, 384 (1996).  *In forma pauperis* status does not entitle a plaintiff to a waiver of costs associated with depositions and other costs required to litigate a claim.  *Love v. Brewer*, 2021 WL 1022702, *1 (E.D. Cal. Mar. 17, 2021)*;see also Tedder v. Odel*, F.2d 210, 211-212 (9th Cir. 1989)(holding that 28 U.S.C § 1915 does not authorize a waiver of witness fees that are tendered with subpoenas).  The Federal Rules of Civil Procedure require the party that is taking the deposition to bear the costs of the recording.  Fed. R. Civ. P. 30(b)(3).

---

[1] Plaintiff incorrectly asserted that he was scheduled to be deposed on January 18, 2022 by the Defendants.  (*See* Doc. No. 65 at 1).  The Deposition is scheduled for February 8, 2022.  (*See* Doc. No. 66 at 1).

In *Tedder v. Odel*, the appellant, a *pro se* and *in forma pauperis* plaintiff, mailed a subpoena that did not have the necessary witness and mileage fees attached to the appellee. 890 F.2d at 211. Appellee received advice that service of the subpoena was improper and therefore did not appear at trial. *Id*. The district court granted summary judgment in favor of the appellees and held that the appellee's failure to appear was not a basis for any liability. *Id.* at 210-211. Appellant argued that the subpoena was not deficient because he was an *in forma pauperis* plaintiff and exempted from the fee requirements. *Id.* at 211. The Ninth Circuit rejected appellant's argument, ruling that 28 U.S.C § 1915 does not authorize a waiver of witness fees that are tendered with subpoenas. *Id.* at 211-212*;see also Dixon v. Yist*, 990 F.2d 478, 480 (9th Cir. 1993).

Plaintiff is not entitled to a joint deposition. If Plaintiff desires to depose the Defendants, then Plaintiff must pay the costs for recording the Defendants' depositions as required by Rule 30(b)(3) of the Federal Rules of Civil Procedure. As ruled by the United States Supreme Court in *Lewis v. Casey*, the Ninth Circuit Court of Appeals in *Tedder*, and this Court in *Love*, Plaintiff's *in forma pauperis* status does not authorize the waiver of any fees associated with recording Defendants' depositions. Plaintiff has other means available, such as filing interrogatories, to obtain the information he would seek by deposing the Defendants. Plaintiff's request to stay the deposition is also denied. With nearly a month to prepare objections, there is no cause to issue a stay in Plaintiff's deposition.

**B. Request for a subpoena**

On January 20, 2022, Plaintiff filed a motion requesting this Court issue a subpoena to the California Department of Corrections and Rehabilitations for "grievances/complaints by prisoners and/or citizens, fellow employees, employers, etc., relating to dereliction of duty, medical malpractice (direction related to medication) and/or misconduct that would support an inference of low moral, [sic] including; but not limited to criminal arrest (and/or conviction)" that were filed against the Defendants. (*See* Doc. No. 69 at 2-3). Plaintiff also requested a subpoena for "Health Care Department Operations Manual (HC) (DOM); California Correctional Health Care Services (CCHCS), Inmate Medical Services Polices and Procedures; Mental Health Services

3

Delivery System (MHSDS) Program Guide; Correctional Treatment Center Policy Manual; California Department of Corrections and Rehabilitations (CDCR) Custody DOM Chapter one Articles 18, 20 and Article 30, Chapter 5 Article 8, Chapter 8, Articles 40, 42 and 51 and Chapter 9 Article 2; 1824 Desk Reference Manual; Any studies, records, book(s) and documents defendants intend on using or which their experts intend on using at the summary judgment phase/stage and/or trial." (*See* Doc. No. 69 at 3-4).  Defendants filed their opposition to the subpoena on January 31, 2022.  (Doc. No. 75).

Defendants argue that Plaintiff's subpoena request was untimely, does not properly state why the records cannot be produced through other means, is requesting privileged material, and is not relevant.  (*See* Doc. No. 75 at 3-5).  Defendants provided Plaintiff with the requested healthcare directive and a section of the department of operations manual regulation making the Plaintiff's subpoena request partially moot.  (*See* Doc. No. 75 at 4).  Furthermore, tied to Plaintiff's subpoena request was a request for this Court to conduct an in camera review of any discovery produced by the subpoena.  (Doc. No. 75).

Rule 45 governs the issuance of subpoenas, including serving a subpoena on entities that are not a party to a lawsuit.  Fed. R. Civ. P. 45.  A plaintiff is entitled to the issuance of a subpoena commanding the production of documents from non-parties; however, such a request will only be grated "if the documents sought from the non-party are not equally available to plaintiff and are not obtainable from defendants through a request for production of documents." *Jeffery v. Bennge*, 2008 WL 4584786, *1 (E.D. Cal. Oct. 14, 2008).  Finally, parties must disclose the identity of any expert witness it may use at trial and other material related to the expert witness such as the basis and reason for an expert witness' opinion and facts or data the expert witness considered.  Fed. R. Civ. P. 26(2)(B).

The Court denies Plaintiff's subpoena request for the "grievances/complaints by prisoners and/or citizens, fellow employees, employers, etc., relating to dereliction of duty, medical malpractice (direction related to medication) and/or misconduct that would support an inference of low moral, [sic] including; but not limited to criminal arrest (and/or conviction)" filed against the Defendants.  Plaintiff's request does not comply with Rule 45 because Defendant, Dr.

4

1  Depovic, is still employed by the California State Prison.  As a result, Plaintiff's requested
2  documents can be obtained by one of the Defendants who is a party to this case.  Plaintiff has
3  alternative remedies, such as a motion to compel, if Plaintiff cannot obtain the requested material.
4        Assuming *arguendo* that Plaintiff's subpoena request complied with Rule 45, Plaintiff's
5  subpoena request would nevertheless be denied for being overly broad.  Plaintiff does not
6  establish any dates limiting the scope of his subpoena request for complaints and grievances that
7  were filed against each Defendant during the course of their work.  (Doc. No. 69).   It is overly
8  broad to require the Defendants to produce all grievances and complaints filed against them
9  during their entire careers.  This Court cautions Plaintiff that he should tailor the scope of his
10 discovery request to dates within a narrower time span more relative to his complaint.
11       Finally, Plaintiff's subpoena request also requested information related to expert
12 witnesses.  The discovery period for this case has not closed and this Court has every reason to
13 believe the Defendants understand their obligations under Rule 26(2) of the Federal Rules of
14 Civil Procedure.  If the Defendants may use an expert witness at trial, this Court has no doubt that
15 Defendants will disclose all required information for expert witness testimony under Rule 26(2)
16 of the Federal Rules of Civil Procedure.
17       Because the Court denies Plaintiff's subpoena request, his request for an in camera review
18 is moot.  At this time, there are no documents for this Court to review.
19       **C.  Request for an "emergency" protective order**
20       On January 20, 2022, Plaintiff filed an "emergency" request for a protective order.  (Doc.
21 No. 72). On January 27, 2022, this Court issued a minute order informing the parties that it did
22 not deem Plaintiff's motion for a protective order an "emergency" but would take up the matter
23 via an informal discovery teleconference on February 4, 2022.  (Doc. No. 73).  Defendants filed
24 their opposition on January 31, 2022.  (Doc. No. 75).
25       Plaintiff requested that the Court issue a protective order that would essentially limit the
26 Defendants' inquiry into Plaintiff's rules violation which is also the subject of his complaint.
27 (*See* Doc. No. 72 at 2-3 and Doc No. 14).  Specifically, Plaintiff asks the Court to require the
28 Defendants to produce copies of Plaintiff's medical records and rules violation report prior to

1 Plaintiff's deposition which is scheduled for February 8, 2022. (*See* Doc. No. 72 at 2-3).
2 Defendant's opposed Plaintiff's request for a protective order and argued that Plaintiff's request
3 for copies of his medical records and the rules violation report is moot because counsel for the
4 Defendants mailed Plaintiff a copy of the requested records on January 28, 2022. (*See* Doc. No.
5 75 at 5). Defendants also argue that Plaintiff waived any privilege associated with his medical
6 records and psychological records because those records directly relate to the issues that are in
7 dispute. (*See* Doc. No. 75 at 6).
8       A party is authorized to move for a protective order and must show the court good cause
9 for issuing a protective order. Fed. R. Civ. P. 26(c). To show good cause, the party seeking the
10 protective order must show the specific prejudice or harm that will be the consequence of not
11 granting a protective order. *Philips ex rel. Estates of Byrd v. General Motors Corps*. 307 F.3d
12 1206, 1211-12 (9th Cir. 2002) (quotation and citations omitted). *See also Beckman Indus., Inc. v.*
13 *International Ins. Co.*, 966 F.2d 470,476 (9thCir. 1992)(holding that the Rule 26(c) test is not met
14 when a party makes broad allegations of harm that are unsubstantiated by specific examples or
15 articulated reasoning). Protective orders may be issued in order to forbid certain disclosures or
16 discovery, forbid a party from inquiring into certain matters, or to limit the scope of the disclosure
17 or discovery of a certain matter. Fed. R. Civ. P. 26(c)(1)(A) and Fed. R. Civ. P. 26(c)(1)(D).
18 Finally, during the course of a deposition, a party can object to evidence, a question, or any other
19 aspect of the deposition. Fed. R. Civ. P. 30(c)(2). A party's objection will be noted in the record
20 **but the examination will continue and the question will still be answered**. *Id*. (emphasis
21 added).
22       On January 28, 2022, Defendant provided Plaintiff with the exact medical records and
23 rules violation report that Plaintiff requested therefore making Plaintiff's request for a protective
24 order to obtain such discovery prior to his deposition moot. (Doc. No. 75). Plaintiff's request for
25 a protective order also hinges on his responses to questions about rules violations being used
26 against him. (Doc. No. 72). Plaintiff's request for a protective order alleges the exact broad
27 allegations of harm the Ninth Circuit sought to prevent in *Phillips*. Plaintiff does not provide
28 specific details on what harm he will experience if he answers questions pertaining to any rules

6

violations he may have committed but generally states that his responses "can be used him…" (*See* Doc. No. 72 at 3).  Furthermore, Plaintiff's complaint makes a particular rules violation the subject of this litigation and is therefore ripe for questioning at the upcoming deposition.  (Doc. No. 14).  Plaintiff has more appropriate remedies than a protective order within the Federal Rules of Civil Procedure if Plaintiff believes Counsel for the Defendants' deposition questions are objectionable.  In accordance with Rule 30 of the Federal Rules of Civil Procedure, Plaintiff merely needs to state his objection to the question for the record, but then must answer the question (barring any other limitations in Rule 30).  This Court will follow the Federal Rules of Civil Procedure and rule on any objections made at the deposition at the appropriate time in the litigation process as appropriate.

### D. Request for additional discovery

On January 28, 2022, Plaintiff filed a motion requesting additional discovery, which was actually a request for leave from the Court to file additional interrogatories.  (Doc. No. 74).  Defendant's opposed Plaintiff's motion and filed their response on January 31, 2022.  (Doc. No. 75).  Plaintiff argues he is entitled to an additional interrogatory for each time the Defendants responded to any interrogatory with a baseless objection or were non-responsive.  (*See* Doc. No. 74 at 1-3).  Defendants objected on the grounds that Plaintiff's motion to compel discovery with Defendant Dr. Depovic was never properly filed with the court despite Counsel for the Defendants informing Plaintiff of the error.  (*See* Doc. No. 75 at 6-7).  Defendants also objected on the grounds that Plaintiff has filed numerous discovery requests.  (*See* Doc. No. 75 at 7).

"Unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts."  Fed. R. Civ. P. 33(a)(1).  The court may grant leave to serve additional interrogatories that are consistent with Rule 26(b)(1) and (2).  *Id*.  The interrogatories must be answered; however, the responding party may object to an interrogatory.  Fed. R. Civ. P. 33(b).  The responding party must state with specificity its grounds for objecting.  Fed. R. Civ. P. 33(b)(4).  A plaintiff, even a *pro se*, *in forma pauperis* plaintiff, must make some showing for why the court should grant a request for additional interrogatories.  *Eichler v. Titlon*, 2010 WL 457334, *1 (E. D. Cal. Feb. 3, 2010).

In *Eichler*, the plaintiff was a *pro se* and *in forma pauperis* state prisoner that brought a civil rights action suit pursuant to 42 U.S.C. § 1983. *Id.* at *1. Plaintiff sought leave from the court to file additional interrogatories which the defendants opposed on the grounds that plaintiff failed to show good cause, as required by Rule 26(b)(1). *Id.* In *Eichler*, the court explained that the plaintiff must make some showing of cause for the reason the plaintiff requested additional interrogatories. *Id.* The plaintiff did not provide any reason with his request for additional interrogatories. *Id.* The plaintiff also did not explain what information he was requesting with the additional interrogatories. *Id.* As a result, the *Eichler* court denied the plaintiff's request for additional interrogatories. *Id.*

Plaintiff's request for additional interrogatories as a remedy for Defendants' purported baseless objections and non-responsive answers to his interrogatories is similar to the facts found in *Eichler*. This case has a *pro se*, *in forma pauperis* plaintiff. Despite Plaintiff's status, and following the *Eichler* court's decision, he still must show cause to the Court to be granted additional interrogatories. Here, the Plaintiff has not made some showing for cause for this Court to grant his requested relief. Plaintiff did not provide any attachments to support his motion and Plaintiff does not show the Court how the Defendants objections were baseless or their answers were unresponsive. Plaintiff also does not explain what information he will request with the additional interrogatories. Absent a showing for cause, Plaintiff's motion for additional interrogatories is denied.

Accordingly, it is **ORDERED**:

1. Plaintiff's request for a joint deposition and a stay of his deposition (Doc No. 65) is **DENIED**.
2. Plaintiff's request for a subpoena and an in camera review (Doc. No. 69 and Doc. No. 70) is **DENIED**.
3. Plaintiff's request for a protective order (Doc. No. 72) is **DENIED**.
4. Plaintiff's request for additional discovery (Doc. No. 74) is **DENIED**.

Dated:    February 7, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE